UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRICE JAMAR RHODES,                                                                    Plaintiff,

v.                                                              Civil Action No. 3:20-cv-P836-DJH

DR. A. SMITH *et al.*,                                                                Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Brice Jamar Rhodes filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint (Docket No. 1) pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues Dr. A. Smith, a doctor at LMDC; Amy Hess, identified as a "public official" at LMDC; and Dwayne Clarke, identified as the LMDC Director; "LMDC Jail"; and the City of Louisville. He sues Defendants Smith and Hess in their individual and official capacities and Defendant Clarke in his official capacity only.

Plaintiff states that Defendant "Smith and LMDC officers violated I Brice Jamar Rhodes constitutional rights such as cruel and unusual punishment neglect." He states that on August 13, 2020, he "called for medical staff three times threw out the day due to a hot temp that was over a hundred hot flashes, dizzy, light headed, no air threw my nose, the staff refused to give me anything due to Dr. Smith." Plaintiff asserts that on August 18, 2020, "the medical staff said I tested positive for COVID-19 and they still refused to give me anything to lower my temp." He

continues, "Months have went by they have refused to re-test me and have not checked on me. They have been bias. I have been in a single cell by myself for four years. I'm not around people. Amy Hess oversees the jail and has allowed this to happen." He states, "They also refused to take me to the hospital to get checked. So I caught COVID-19 from the officers. They have failed to report that they had COVID-19 and still came to work and passed it to me, while giving me food and other checks."

Plaintiff further states, "LMDC has failed to test sick officers and turned blind eye and let them work. This has put my life at risk." He states that he has been housed in the same cell since September 2019. He states that "the Medical Staff has refused me aid, aspirin, ibuprofen to help with my temp." He asserts, "The staff also fails to wear mask, gloves at all times, and clean dorms proper. My lungs, and body has been in pain ever since I caught COVID-19, pain, suffering also."

Plaintiff also describes a separate incident, which occurred on December 3, 2016, when he states that an officer came to his cell and searched him and that they "had words." He states "So a few hours later they came back with food. We had words once more me and the officer tussled he got me on the ground. I placed my hands behind my back in cuffs. I did as I was told." He states that two officers from the SORT team "started punching me in my face and head over and over." He asserts that he asked them to stop and "Officer Wilburn told me fu** you and still punched me harder." He states that officers punched and jumped on him for several minutes. He states that he was then placed tightly in a restraint chair. He states that the officers "tryed to kill me by chocking me from the back" and another officer "had his hands on my

mouth so I could not breath."  He states that they refused to take him to the hospital and "to this day I can't see out of my left eye."

As relief, Plaintiff seeks compensatory damages.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.  ANALYSIS

### A.  Deliberate indifference claims related to COVID-19

The Court construes Plaintiff's allegations concerning denial of medical treatment and exposure to COVID-19 as alleging claims for deliberate indifference to his serious medical needs and deliberate indifference to his safety in violation of the Fourteenth Amendment.

#### 1.  Louisville Metro Government

Plaintiff sues Defendant LMDC and the City of Louisville.  However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000).  In this situation, Louisville Metro Government is the proper defendant.  *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990).  The Court therefore will construe the claim against LMDC as a claim brought against Louisville Metro Government.  The Court also construes the claims against the City of Louisville as being brought against the merged Louisville Metro Government.  *See Metro Louisville/ Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009) (indicating that "Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville").

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Therefore, the Court finds that Plaintiff's official-capacity claims against Defendants Smith, Hess, and Clark are actually claims against Louisville Metro Government.

4

Upon review, <u>the Court will allow Plaintiff's Fourteenth Amendment claims for deliberate indifference to serious medical needs and deliberate indifference to safety to proceed against Louisville Metro Government</u>.  The Court will direct the Clerk of Court to substitute Louisville Metro Government for Defendant City of Louisville in the docket sheet.

The claims against Defendants LMDC and Smith, Hess, and Clark in their official capacities will be dismissed as redundant to the continuing claim against Louisville Metro Government.  *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

### 2. Defendant Hess

Plaintiff's only allegation against Defendant Hess is that she "oversees the jail and has allowed this to happen."  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  There is no *respondeat superior* liability where the

5

plaintiff alleges only that the defendant merely failed to act or control employees.  *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Plaintiff's allegation that Defendant Hess "oversees" the jail is based on her supervisory role.  He does not allege that she directly participated in the alleged conduct or that she authorized, approved, or knowingly acquiesced in it.  Accordingly, Plaintiff's claim against Defendant Hess in her individual capacity will be dismissed for failure to state a claim.

### 3. Defendant Smith

Upon review, the Court will allow Plaintiff's Fourteenth Amendment claims for deliberate indifference to serious medical needs and deliberate indifference to safety to proceed against Defendant Smith in his individual capacity.

## B.  December 2016 incident

Plaintiff also alleges claims for excessive force and deliberate indifference to his serious medical needs arising out of an incident that occurred in December 2016.  Section 1983 does not contain its own statute-of-limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations.  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued."  Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

6

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)).

In the instant case, the one-year statute of limitations on Plaintiff's claims accrued on December 16, 2016, on the date of the alleged excessive-force incident. The limitations period, therefore, expired one year later on December 16, 2017. Because the complaint was not filed until October 25, 2020,[1] more than one year after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's claims based on the December 2016 incident are untimely, and the claims must be dismissed as frivolous.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant LMDC and his official-capacity claims against Defendants Smith, Hess, and Clarke are **DISMISSED** as redundant to Plaintiff's continuing claim against Louisville Metro Government.

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff signed the complaint on October 25, 2020, and the Court will construe it as being filed on that date for purposes of this initial review. The Court notes, however, that the complaint was not mailed to the Court until December 8, 2020, and it was docketed on December 10, 2020.

     **IT IS FURTHER ORDERED** that the individual-capacity claims against Defendant Hess are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

     **IT IS FURTHER ORDERED** that the claims based on the December 2016 incident are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

     **The Clerk of Court is DIRECTED to substitute Louisville Metro Government for the City of Louisville in the docket sheet.**

     The Clerk of Court is **DIRECTED to terminate Defendants Hess and Clarke** as parties to this action.

     The Court has allowed Plaintiff's claims for deliberate indifference to his serious medical needs and deliberate indifference to his safety to proceed against Defendant Louisville Metro Government and Defendant Smith in his individual capacity.  In doing so, the Court passes no judgment on the claims' ultimate merit or outcome.  The Court will enter a separate Service and Scheduling Order governing these claims.

Date:  March 5, 2021

                                   **David J. Hale, Judge**
                           **United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Jefferson County Attorney
4415.010

8