UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRICE JAMAR RHODES,    Plaintiff,

v.    Civil Action No. 3:20-cv-P836-DJH

DR. KEVIN SMITH *et al.*,    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions for summary judgment filed by Defendants Louisville Metro Government (LMG) (Docket No. 21) and Dr. Kevin Smith (DN 22). Proceeding *pro se*, Plaintiff Brice Jamar Rhodes filed a response to the motions (DN 32), and Defendants both filed a reply (DNs 35 and 36). For the following reasons, Defendants' motions for summary judgment will be granted.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), initiated this 42 U.S.C. § 1983 prisoner civil rights action by filing a complaint signed under penalty of perjury (DN 1). The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against LMDC, his official-capacity claims, his individual-capacity claim against Defendant Hess, and his claims based on an incident which occurred in December 2016 (DN 6). The Court allowed Plaintiff's Fourteenth Amendment claims for deliberate indifference to his serious medical needs and deliberate indifference to his safety to proceed against Defendant LMG and Defendant Smith in his individual capacity (DNs 6 and 7).

### A.

The Court allowed the claims to proceed based on the following allegations in the complaint. Plaintiff alleged that Defendant "Smith and LMDC officers violated I Brice Jamar Rhodes constitutional rights such as cruel and unusual punishment neglect." (DN 1, PageID.4). He stated that on August 13, 2020, he "called for medical staff three times threw out the day due to a hot temp that was over a hundred hot flashes, dizzy, light headed, no air threw my nose, the staff refused to give me anything due to Dr. Smith." (*Id.*) Plaintiff asserted that on August 18, 2020, "the medical staff said I tested positive for COVID-19 and they still refused to give me anything to lower my temp." (*Id.*) He continued, "Months have went by they have refused to re-test me and have not checked on me." (*Id.*) He stated, "They also refused to take me to the hospital to get checked. So I caught COVID-19 from the officers. They have failed to report that they had COVID-19 and still came to work and passed it to me, while giving me food and other checks." (*Id.*, PageID.5). Plaintiff further stated, "LMDC has failed to test sick officers and turned blind eye and let them work. This has put my life at risk." (*Id.*) He states that "the Medical Staff has refused me aid, aspirin, ibuprofen to help with my temp." He asserted, "The staff also fails to wear mask, gloves at all times, and clean dorms proper. My lungs, and body has been in pain ever since I caught COVID-19, pain, suffering also." (*Id.*)

### B.

Defendant LMG filed a motion for summary judgment (DN 21), arguing that Plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*Id.*, PageID.91). It attaches the affidavit of Grievance Counselor Shavon Shipley as Exhibit 1 to its motion. (*Id.*, PageID.99-100). The affidavit was not signed. Defendant LMG later filed a motion to substitute

Exhibit 1 for a signed and notarized copy (DN 34). Upon review, the Court will grant the motion and direct that the signed and notarized copy of the affidavit replace Exhibit 1 to Defendant LMG's motion for summary judgment.

According to Shipley's affidavit, she reviewed the grievances filed by Plaintiff "pertaining to alleged health issues that were not properly addressed . . . ." (DN 21, PageID.99). Defendant LMG attaches the grievances filed by Plaintiff "for his complaints regarding his claims of lack of treatment for his health[]" as Exhibits 2-5 to its motion. (*Id.*, PageID.101-20). Shipley avers that Plaintiff "did not exhaust his administrative remedies with respect to the grievances filed regarding his health as he was not in compliance with the grievance policy, and he did not initiate an appeal or pursue the matter to the next level in accordance with the grievance procedure." (*Id.*, PageID.99). Defendant LMG also attaches the LMDC Inmate Grievance Procedures as Exhibit 6 to its motion. (*Id.*, PageID.121-28). Defendant LMG argues, "Each of these grievances were determined to be unfounded, but the Plaintiff did not file an appeal of the denial in accordance with the grievance procedure." (*Id.*, PageID.91). Defendant LMG argues that Plaintiff "did not appeal any of the issues regarding his medical treatment nor did he take any action with regard to pursuing any of the grievable issues within a timely fashion pursuant to the grievance policy." (*Id.*, PageID.91-92). It argues that because Plaintiff failed to exhaust his administrative remedies, the action must be dismissed. (*Id.*, PageID.95).

Defendant Smith also filed a motion for summary judgment arguing that Plaintiff's claims are barred by his failure to exhaust administrative remedies under the PLRA (DN 22). He points to two "arguably operative grievances regarding the allegations at issue" dated August 18, 2020, and October 27, 2020, which he attaches in Exhibit B to the motion. (*Id*., PageID.136-37, 162-65, 195). He argues that Plaintiff failed to appeal these grievances in accordance with the

3

LMDC Inmate Grievance Procedures. (*Id.*, PageID.137). Defendant Smith also argues that the complaints in the second grievance "were arguably duplicative of the first grievance in violation of the LMDC Grievance Procedure" and, to the extent that it was intended to relate to his COVID-19 positive test from August 18, 2020, "was filed well past the five-day time limit" for filing grievances under the grievance procedures. (*Id.*) Moreover, argues Defendant Smith, Plaintiff "failed to identify the staff involved in either of the arguably operative grievances as required by the LMDC Grievance Procedure" and therefore failed to specifically identify Smith in either grievance. (*Id.*, PageID.137-38). For these reasons, Defendant Smith argues that Plaintiff failed to exhaust his administrative remedies before filing this suit. (*Id.*)[1]

After Plaintiff failed to file a response to either motion for summary judgment, the Court entered an Order (DN 30) directing him to file a response to the motions. In that Order, the Court provided Plaintiff with general guidance in responding to a motion for summary judgment under Fed. R. Civ. P. 56 in accordance with *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003). In so doing, the Court instructed that Plaintiff must support his facts with affidavits (his own statement or witness statements, either sworn or signed under penalty of perjury) and/or other documents contradicting the material facts asserted by Defendants. Otherwise, it stated, the Court may accept Defendants' facts as true and grant judgment in their favor.

Plaintiff thereafter filed a response (DN 32) to Defendants' motions, in which he largely reiterates the facts of his complaint. With regard to exhaustion, Plaintiff states, "Based on this

---

[1] Defendant Smith additionally argues that he is entitled to summary judgment on the merits of Plaintiff's claim on the grounds that Plaintiff's medical records show that he received adequate treatment; that there is no evidence that Defendant Smith acted or failed to act with the requisite mental state; and that there is no evidence to establish that Plaintiff suffered any detrimental effect from any alleged delay in treatment. Since the Court will dismiss the complaint for failure to exhaust administrative remedies, the Court will not address Defendant Smith's arguments regarding the merits of Plaintiff's claims.

4

medical situation a filed grievance exhaustion was completed. I noted everything that had taken place. LMDC grievance staff Regina Davis responded that the grievance will be investigated. To this date there hasn't been anything done about this cruel situation." (*Id*., PageID.370). He also states, "As attached: I Brice Rhodes provide evidence of a documented LMDC grievance that was file by on 8/13/2020 about the medical matter which resulted in deliberate indifference to serious medical needs." (*Id*., PageID.371). He continues, "As I stated in the grievance, I requested to see Dr. Smith, who was in charge, but he refused to check on me and failed to direct staff to aid me in the proper manner. I was denied medical treatment." (*Id*.)[2] To his response, Plaintiff attaches his Grievance Number 00006992 dated August 18, 2020 (*Id*., PageID.374-75), as well as a medical note dated August 18, 2020, indicating that he tested positive for COVID-19. The medical notes shows that it was "Confirmed by" Defendant Smith. (*Id*., PageID.375).

Defendant LMG filed a reply arguing, "It is now uncontroverted that Plaintiff failed to exhaust his administrative remedies with respect to his claims of deliberate indifference to his serious medical needs." (DN 35, PageID.386). In reference to Grievance No. 00006992 attached to Plaintiff's motion, Defendant LMG maintains, "Instead of demonstrating exhaustion, as Plaintiff must do, he has actually demonstrated the *lack* of it." (*Id*.) (emphasis by Defendant LMG).

Defendant Smith also filed a reply (DN 36). He argues that Plaintiff has failed "to show that he filed appeals necessary to exhaust his administrative remedies." (*Id.*, PageID.390). He also asserts, "The bare assertion in Plaintiff's response that his grievance stated that unidentified

---

[2] In his response, Plaintiff also states conclusively, "Defendants acted in negligence and medical malpractice." These claims, however, are not properly before the Court because they were not set forth in the complaint. *See Tucker v. Union of Needletrades, Indus., & Textile Empl.*, 407 F.3d 784, 787-88 (6th Cir. 2005) (holding that a party may not advance new claims in opposition to a summary judgment motion after ample time for discovery and amending the complaint).

5

LMDC personnel told him that Dr. Smith denied his request for pain medication is contradicted by the grievance itself." (*Id.*) Defendant Smith further argues that Plaintiff failed "to show that he specifically identified Dr. Smith in his grievances or that he timely filed his October grievance." (*Id.*, PageID.391).

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has

progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). Yet statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, *id.* at 216, which the defendant has the burden to plead and prove by a preponderance of the evidence.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 532. To meet this requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). "Proper exhaustion" means that the plaintiff complied with the administrative "agency's

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. "[A]n inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]" *Id.* (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). "'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). An inmate must demonstrate that he has exhausted all available administrative remedies; when he fails to do so, dismissal of the complaint is appropriate. *See, e.g.*, *Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003).

The LMDC Grievance Procedures provide, "A grievance about a specific incident is to be filed within five (5) working days after the incident occurs." (DN 21, PageID.124). "The grievance shall include all aspects of the issue that the grievant wants to be addressed and shall specifically identify the staff involved." (*Id.*) "After the grievance has been properly filed, an attempt to resolve the problem will be made through informal resolution means. This may involve the Grievance Counselor, department head or facility staff. The resolution stage will involve inquires or discussions to attempt to resolve the grievance." (*Id.*, PageID.125). "Response to the grievance is to be within ten (10) working days from receipt of the grievance unless special circumstances require additional attention." (*Id.*) "The inmate will have five (5)

working days after the receipt of the resolution to decide whether to appeal to the next level." (*Id.*) "If the grievant is not satisfied with the outcome of the resolution response, they may appeal in writing to the Director/designee within five (5) working days after receipt of the resolution response." (*Id.*)

Grievance Coordinator Shipley averred that she reviewed all of Plaintiff's grievances pertaining to his claims for denial of treatment for his health and that Plaintiff did not exhaust his administrative remedies with respect to those grievances. (DN 21, PageID.99). Both Defendants LMG and Smith attach Grievance Number 00006992 which shows a "Date Received" as August 18, 2020. (*Id.*, PageID.111; DN 22, PageID.162). The grievance contains the following narrative:

> Inmate alleges that on 8-13-2020 he asked the officer to call the nurse and medical staff came once on first shift in the morning and twice on 2nd shift. Inmate alleges that due to chest pains, body pains, hot flashes, cold chills, and headache he was in pain and had no sleep. Inmate alleges that his temperature reached 100. Inmate alleges that he asked all the nurses for aspirin or ibuprofen to help calm and reduce his pain. Inmate alleges that the nurse told him no so he was forced to lay in pain with no help. Inmate alleges that the medical staff are bias towards him because of his charges. Inmate is requesting to see the doctor.

(*Id.*)[3] On a separate page with the heading "Resolution Response," the grievance shows a "Response" stating, "This will be looked into. In most cases patients will not be prescribed over the counter medications for suspected symptoms of COVID-19 due to medication masking symptoms." (DN 21, PageID.114). It reflects that the response was made by Regina Davis-Reese and contains an additional line—"Grievance Resolved, Unfounded or Denied-Non Grievable Issue (determined by Grievance Counselor) UNFOUNDED][.]" (*Id.*). According to Shipley's affidavit, Plaintiff "did not initiate an appeal or pursue the matter to the next level in

---

[3] Because this is the only grievance identified by Plaintiff in his response, the Court concludes that the parties are in agreement that this is the grievance relevant to Plaintiff's claims in this action. Plaintiff makes no reference to the October 27, 2020, grievance discussed in Defendant Smith's motion.

9

accordance with the grievance procedure" of this or any other of his grievances pertaining to denial of medical treatment. (*Id.*, PageID.99).

Upon consideration, the Court finds that Defendants have met their burden to establish that Plaintiff failed to file an appeal of his grievance in accordance with the LMDC Inmate Grievance Procedures and that he, therefore, failed to exhaust his administrative remedies before filing this action.

The burden shifts to Plaintiff to produce specific facts demonstrating a genuine issue of fact for trial on the issue of exhaustion. Plaintiff attaches only one grievance to his response to the summary-judgment motions—Grievance Number 00006992 described above. (DN 32, PageID.374-75). He does not dispute that the grievance was denied as "Unfounded." He produces no evidence to show that he filed an appeal of the grievance. His only argument in his response with regard to whether he exhausted his grievance is his statement, "Based on this medication situation a filed grievance exhaustion completed. I noted everything that had taken place. LMDC grievance staff Regina Davis responded that the grievance will be investigated. To this date there hasn't been anything done about this cruel situation." (*Id.*, PageID.370). However, his response is unsworn and cannot be considered as evidence in resolving a motion for summary judgment. *See Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that pro se plaintiff's unsworn response in opposition to a motion for summary judgment did not constitute evidence that could be considered in resolving that motion). As such, Plaintiff has not rebutted Defendants' evidence showing that he did not file an appeal of Grievance Number 00006992 (or any other grievance which could potentially relate to the claims in this suit). Because no evidence appears in the record that Plaintiff appealed the denial of his grievance in accordance with LMDC's Inmate Grievance Procedures, no genuine issue of

material fact exists. Therefore, the Court finds that the Defendants are entitled to judgment as a matter of law.

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Defendant LMG's motion to substitute Exhibit 1 to its motion for summary judgment (DN 34) is **GRANTED**. The Clerk of Court shall substitute Shipley's signed affidavit attached to the motion to substitute (DN 34, PageID.381-82) for the unsigned affidavit attached the motion for summary judgment (DN 21, PageID.99-100).

(2)     Defendants LMG's and Smith's motions for summary judgment (DN 21 and 22) are **GRANTED**. The Court will enter a separate Judgment dismissing the action.

Date:     July 19, 2022

David J. Hale, Judge
United States District Court

cc:     Plaintiff, *pro se*
         Counsel of record
4415.010